**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0342, <u>Thomas Kondrat, Trustee of the Irene M. Kondrat Trust v. Town of Freedom & a.</u>, the court on April 29, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Thomas Kondrat, Trustee of the Irene M. Kondrat Trust, on his own behalf and on behalf of a class of persons similarly situated, appeals several orders of the Superior Court (<u>Houran</u>, J.) related to: (1) his request for a declaration that the defendants, the Town of Freedom, the Town of Freedom Board of Selectmen, and the Town of Freedom Road Agent, had the right to construct and maintain a contested road to a width of only sixty inches (Count I); and (2) his claim that because the defendants widened the road beyond that width, he was entitled to compensation, damages, and attorney's fees (Counts II to IV). We affirm.

We begin by briefly recounting the procedural history of the case. In December 2008, the trial court granted the plaintiff's request for class certification on Count I but denied the request as to Counts II to IV. The plaintiff subsequently propounded interrogatories and requests for admissions to the defendants, who failed to timely respond, resulting in a final default judgment against them. After entering the final default judgment, the court scheduled a hearing on damages. <u>See</u> <u>Super. Ct. R.</u> 36 (2009) ("If, upon review of an affidavit of damages, the court determines that it does not provide a sufficient basis for determining damages, the court may, upon its own motion, order a hearing thereon.") (recodified 2013, <u>see</u> <u>Super. Ct. Civ. R.</u> 29(c)). Following the hearing on damages, the trial court concluded that the defendants had established that "the public has a vested right of way at four rods, over the road at issue, which still exists to this day." Consequently, it denied the plaintiff's requests for compensation, damages, and attorney's fees. This appeal followed.

On appeal, the plaintiff argues that the trial court unsustainably exercised its discretion when it denied class certification as to Counts II to IV because it was not persuaded that "compensation could be determined on anything but a property by property basis" or that the application of the plaintiff's "pro-rata method of valuation" could "tak[e] into account any unique characteristics of each property." <u>See</u> <u>Super. Ct. R.</u> 27-A(a) (2008) (identifying prerequisites to a class action, including requirement that common questions of law or fact predominate over questions affecting only individual members)

(recodified 2013, see Super. Ct. Civ. R. 16(a)); Petition of Bayview Crematory, 155 N.H. 781, 784 (2007) (adopting unsustainable exercise of discretion standard for reviewing trial court's decision on class certification).

The plaintiff also argues that the trial court erred by ordering a hearing on damages instead of adopting the plaintiff's proposed measure of damages. See Super. Ct. R. 36. The plaintiff further contests the trial court's determinations that: (1) the defendants could assert, as a defense to damages, that the plaintiff did not own the land at issue (the "ownership defense"); (2) the ownership defense was not contrary to the default judgment, because the decree pro confesso did not preclude the court's finding that the public has a vested right of way over the road; and (3) evidence that the defendants did not present in response to interrogatories or requests for admissions prior to the default judgment was admissible to support the ownership defense at the damages hearing. Finally the plaintiff argues that the evidence did not support the trial court's finding that the road at issue was laid out to a width that exceeds sixty inches before the town was incorporated, nor its conclusion that the public's vested right of way is four rods wide.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to them, the record submitted on appeal, and the relevant law, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**